United States District Court
Northern District of New York

| | |
|---|---|
| DAVID WOOD,<br>                *Plaintiff*,<br><br>v.<br><br>EASTERN COLLECTION CORPORATION,<br>                *Defendant.* | Civil Action No.<br><br>COMPLAINT<br><br>(JURY TRIAL DEMANDED) |

## I. INTRODUCTION

1. This is an action by an individual to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

3. Plaintiff is a natural person, a resident of the Northern District of New York as of the time of the commencement of this action, and is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

4. Upon information and belief and at all times relevant hereto, Defendant, Eastern Collection Corporation ("Eastern" or "Defendant"), is a New York entity with its

primary place of business located at 1626 Locust Avenue, Bohemia, New York 11716. The principal purpose of Defendant Eastern is the collection of debts using the mails and telephone, and Defendant Eastern regularly attempts to collect debts to be due to another, including consumer debts. As such, Defendant Eastern is a debt collector and is liable for violations of the FDCPA.

## IV. FACTS

5. Beginning on or about August 2008, Defendant began a campaign of harassment targeted towards Plaintiff. The Defendant's actions concerned an alleged consumer debt allegedly owed to History Book Club ("HBC").

6. Said campaign of harassment included, *inter alia*, written correspondence and telephone calls.

7. A key exemplification was written correspondence dated August 20, 2008. The August 20, 2008 correspondence was troubling, however. It obscured the 15 U.S.C. §1692 g validation notice, through its demand to "RESPOND!," together with information about how to make payments by mail or phone, and with a credit card authorization form, each in appreciably larger font than the 15 U.S.C. §1692 g validation notice. Attached hereto and made a part hereof is a copy of the August 20, 2008 letter annexed as Exhibit "A."

8. Eastern's attempts to collect on behalf of HBC brought it within the scope of 15 U.S.C. §1692 a (6).

9. At the same time, 15 U.S.C. § 1692 f prohibits a debt collector from using unfair or unconscionable means to collect debts and 15 U.S.C. § 1692 g requires meaningful validation, *sans* overshadowing.

10. As a proximate consequence of Eastern's egregious conduct, coupled with the acts described above, the Plaintiff lost sleep, suffered headaches, nausea, embarrassment, and weight loss.

### First Claim For Relief – Eastern's Violation of 15 U.S.C. §1692 f

11. Paragraphs 1-10 are re-alleged, as if fully re-stated.

12. 15 U.S.C. § 1692 f, in relevant part, provides:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

13. As noted above, Eastern's dunning letter of August 20, 2008 impermissibly overshadowed and contradicted 15 U.S.C. § 1692 g. As a result, its efforts to collect on behalf of HBC were "unfair or unconscionable."

14. Eastern's conduct, therefore, contravened 15 U.S.C. § 1692 f, and thereby constituted a violation of the FDCPA. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### Second Claim For Relief – Eastern's Violation of 15 U.S.C. §1692 g

15. Paragraphs 1-14 are re-alleged, as if fully re-stated.

16. Eastern's demand that Plaintiff "RESPOND!" during the validation period, in effect, created a false sense of urgency, therefore causing the least sophisticated consumer to become uncertain as to his or her validation rights pursuant to 15 U.S.C. § 1692 g.

17. The "RESPOND!" language, coupled with language demand payment, impermissibly created a conflict with the 30-day validation language.

18. The above-depicted conduct, contravened 15 U.S.C. § 1692 g, and thereby constituted a violation of the FDCPA. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, the Plaintiff, David Wood, respectfully prays for the following relief:

1. A Declaratory judgment that Defendants' conduct violated the FDCPA.
2. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
3. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
4. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
5. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).

Respectfully Submitted,

_____
Attorney for Plaintiff

RODERICK D. WOODS, ESQ., LLC
Attorney and Counselor at Law
54 Hazard Avenue, Suite 209
Enfield, CT 06082-3845
Northern District Bar Roll No. 515559
Tel.   (860) 383-0744
Fax.   (860) 499-5143
E-Mail. rwoods@rdw-law.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff

RODERICK D. WOODS, ESQ., LLC
Attorney and Counselor at Law
54 Hazard Avenue, Suite 209
Enfield, CT 06082-3845
Northern District Bar Roll No. 515559
Tel.   (860) 383-0744
Fax.   (860) 499-5143
E-Mail. rwoods@rdw-law.com